# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAMAR MCINNIS, | Case No.  1:21-cv-01171-BAM (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| SILVA, *et al.*, | |
| Defendants. | (ECF No. 1) |
| | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Robert Lamar Mcinnis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated on June 8, 2021 in the United States District Court for the Northern District of California.  (ECF No. 1.)  The action was transferred to the Eastern District on August 2, 2021.  (ECF No. 9.)

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

*Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In the complaint, it is not clear whether Plaintiff filed a grievance regarding the claims alleged prior to filing this lawsuit.  (*See* ECF No. 1.)  However, on July 8, 2021, Plaintiff filed a letter to the Court including a copy of the response to his 602 grievance.  (ECF No. 8.)  Based on that attachment, it appears Plaintiff received a final decision on his grievance on June 25, 2021, which is after the complaint was filed on June 8, 2021.  (*Id.* at 2.)  Based on this information, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit.  *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

IT IS SO ORDERED.

Dated:   **August 31, 2021**                    /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE