1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT LAMAR MCINNIS,                    Case No.  1:21-cv-01171-BAM (PC)

12                 Plaintiff,                 ORDER DISCHARGING ORDER TO SHOW
                                              CAUSE
13          v.                                (ECF No. 19)

14   SILVA, *et al.*,                         ORDER DIRECTING CLERK OF COURT TO
                                              RANDOMLY ASSIGN DISTRICT JUDGE
15                 Defendants.
                                              FINDINGS AND RECOMMENDATIONS
16                                            REGARDING DISMISSAL OF ACTION FOR
                                              FAILURE TO EXHAUST
17                                            ADMINISTRATIVE REMEDIES

18                                            **FOURTEEN (14) DAY DEADLINE**

19

20          Plaintiff Robert Lamar Mcinnis ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

21   *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated

22   on June 8, 2021 in the United States District Court for the Northern District of California.  (ECF

23   No. 1.)  The action was transferred to the Eastern District of California on August 2, 2021.  (ECF

24   No. 9.)

25          On August 31, 2021, the Court issued an order requiring Plaintiff to show cause, within

26   twenty-one days, why this action should not be dismissed for failure to exhaust administrative

27   remedies.  (ECF No. 19.)  On September 21, 2021, Plaintiff filed a response to the order to show

28   cause.  (ECF No. 20.)

                                                  1

### I.    Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim.  *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

### II.    Discussion

In the complaint, it is not clear whether Plaintiff filed a grievance regarding the claims alleged prior to filing this lawsuit.  (*See* ECF No. 1.)  However, on July 8, 2021, Plaintiff filed a

2

letter to the Court including a copy of the response to his 602 grievance.  (ECF No. 8.)  Based on

that attachment, it appears Plaintiff received a final decision on his grievance on June 25, 2021,

which is after the complaint was filed on June 8, 2021.  (*Id.* at 2.)  Based on this information, it

appeared Plaintiff filed suit prematurely without first exhausting his administrative remedies in

compliance with the PLRA, section 1997e(a).

In his response to the Court's order to show cause, Plaintiff states that when he filed his

complaint, he had filed a 602 grievance on said incident.  (ECF No. 20.)  However, Plaintiff then

states that he heard nothing in response to his 602 until August, when a response came stating that

the Office of Appeals response was past the time constraints and that an investigation will be

conducted and that served as his response, and he did not need to send his 602 up to Sacramento.

Plaintiff states that he did submit it anyway and did not hear anything about it, and the second

level is also past time constraints.  Plaintiff then filed a grievance, and received a response on

August 21 stating that that was his response and no further action will need to be taken, and based

on that response he exhausted his administrative remedies.  Plaintiff still sent it to Sacramento to

the Office of Appeals for them to respond anyway, and he has not received a response.  Plaintiff

argues that his case should not be dismissed because he exhausted all of his administrative

remedies.  (*Id.*)

Based on Plaintiff's complaint, the letter to the Court including a copy of the first

response to his grievance, and Plaintiff's response to the order to show cause, it appears that

while Plaintiff did exhaust his administrative grievances, he did not do so until **after** he filed the

complaint in this action.  Based on this information, Plaintiff exhausted his administrative

remedies, at the earliest, on June 25, 2021, when he received a response stating that his claims

were under investigation but that "Due to the expiration of time, this response by the Office of

Grievances will be the only response."  (ECF No. 8, p. 2.)

Plaintiff filed the complaint on June 8, 2021.  (ECF No. 1.)  Therefore, because Plaintiff

did not receive a final decision until June 25, 2021, Plaintiff failed to exhaust his administrative

remedies **before** filing this action.  Plaintiff is informed that a dismissal of this action, without

prejudice, does not prevent him from re-filing this action in this Court at a later date, which would

3

1    be after he completed exhaustion of his administrative remedies.

2    **III.      Order and Recommendation**

3          Accordingly, the order to show cause issued on August 31, 2021, (ECF No. 19), is

4    HEREBY DISCHARGED and the Clerk of the Court is DIRECTED to randomly assign a

5    District Judge to this action.

6          Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without

7    prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

8          These findings and recommendations will be submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

10   **(14) days** after being served with these findings and recommendations, Plaintiff may file written

11   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

12   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

13   specified time may result in the waiver of the "right to challenge the magistrate's factual

14   findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

15   *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

16

17   IT IS SO ORDERED.

18     Dated:   __September 22, 2021__          ___/s/ Barbara A. McAuliffe___

19                                             UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                                              4