UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAMAR MCINNIS,<br><br>   Plaintiff,<br><br>   v.<br><br>CDCR MEDICAL,<br><br>   Defendant. | No. 1:21-cv-01171-NONE-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. No. 22) |

Plaintiff Robert Lamar Mcinnis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on June 8, 2021 in the United States District Court for the Northern District of California, and transferred to the Eastern District of California on August 2, 2021. (Doc. Nos. 1, 9.)

On August 31, 2021, the assigned magistrate judge issued an order requiring plaintiff to show cause why this action should not be dismissed due to his failure to exhaust administrative remedies prior to filing suit as required. (Doc. No. 19.) Plaintiff filed a response to the order to show cause on September 21, 2021. (Doc. No. 20.)

On September 22, 2021, the assigned magistrate judge issued findings and recommendations recommending dismissal of this action, without prejudice, based on plaintiff's failure to exhaust administrative remedies prior to filing suit, finding that while exhaustion of administrative remedies had been accomplished as of June 25, 2021, that exhaustion post-dated

1

1 the June 8 filing of the complaint in this action. (Doc. No. 22.) Those findings and
2 recommendations were served on plaintiff and contained notice that any objections thereto were
3 to be filed within fourteen (14) days after service. (*Id.* at 4.) On September 27, 2021, plaintiff
4 filed a second response to the August 31, 2021 order to show cause, and on October 25, 2021,
5 plaintiff timely filed objections. (Doc. Nos. 23, 24.) The court will review both filings as
6 objections to the findings and recommendations.

7 In his objections, plaintiff presents two arguments as to why this action should not be
8 dismissed. (Doc. No. 24.) First, plaintiff argues that the June 8, 2021 filing with the Northern
9 District of California was merely a letter, and not a complaint, and he did not intend to file a civil
10 rights action at that time. (*Id.* at 1.) Plaintiff states that he was sent the proper papers to file a
11 complaint on a later date. (*Id*.) However, plaintiff never filed a civil rights complaint under this
12 case number using the form complaint provided, which is why the U.S. District Court for the
13 Northern District of California and this court treated plaintiff's June 8, 2021 filing as the
14 complaint. Nothing in plaintiff's objections suggests this treatment was unreasonable or
15 improper.

16 Second, plaintiff argues that, even if his June 8, 2021 is treated as a complaint, the time
17 for CDCR to provide a response to his inmate grievance expired around June 4 or 5, 2021. (*Id.* at
18 1–2.) Therefore, according to plaintiff, exhaustion should have been deemed accomplished as of
19 June 4 or 5, meaning that his June 8 complaint was filed **after** plaintiff exhausted his
20 administrative remedies. (*Id.* at 1–2.) However, based on the exhibits attached to plaintiff's
21 various filings, the earliest inmate grievance he submitted was on April 25, 2021. (Doc. No. 8 at
22 3–4.) Accordingly, the time for CDCR to respond to that grievance did not elapse until June 25
23 or 26, 2021 at the earliest, as indicated by CDCR's responses. (*Id.* at 2, 5.) Thus, as discussed in
24 the pending findings and recommendations, exhaustion of administrative remedies was not
25 accomplished by plaintiff until June 25 or 26, **after** the complaint in this action was filed on June
26 8, 2021.
27 /////
28 /////

Plaintiff is reminded again that a dismissal of this action, without prejudice, does not prevent him from re-filing this action in this court at a later date, now that he has completed exhaustion of his administrative remedies.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on September 22, 2021, (Doc. No. 22), are adopted in full;
2. This action is dismissed, without prejudice, due to plaintiff's failure to exhaust administrative remedies prior to filing suit; and
3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: **November 9, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE